UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLEG ALBERTOVICH BOYARKIN,

    Plaintiff,

v.                                                      Case No. 8:25-cv-782-TPB-TGW

UNIDENTIFIED,

    Defendant.
_____/

**ORDER DISMISSING COMPLAINT AS FRIVOLOUS AND CLOSING CASE**

This matter is before the Court *sua sponte* on Plaintiff Oleg Albertovich Boyarkin's *pro se* complaint, filed on March 31, 2025. (Doc. 1). On the same day, he filed a motion to proceed *in forma pauperis*. (Doc. 2). On April 2, Plaintiff sent in numerous other documents, including a motion to appoint counsel, another motion to proceed *in forma pauperis*, and some exhibits. (Docs. 4; 5; 6; 7). After reviewing the complaint, court file, and the record, the Court finds as follows:

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL

1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

Plaintiff has filed a civil complaint against an unidentified defendant – in fact, he names no defendants. In his complaint, Plaintiff appears to allege that a minor named Tatyana Boyarkina was kidnapped by Alexey Skorev and Sarah Abramovich. Alexey Skorev was then taken from a Georgia prison to Hawaii where he was sentenced by a court to five years of imprisonment. Plaintiff complains that Alexey Skorev crashed Oleg Boyarkin's car, and that "with the help of third parties, Oleg Boyarkin is being illegally brought to criminal responsibility, causing enormous harm to Oleg Boyarkin's health and the mental destruction of his three minor children." Plaintiff claims that Alexey Skorev has called the minor children from prison, threatening to kill them and "forcing them to kill their father Oleg Boyarkin." He appears to complain about the Sarasota prosecutor's office response to a statement. Plaintiff states that he "has no claims against Sarah Abramovich and does not bring any charges against her," but notes that he asked the police for a copy of the surveillance video, who declined to give it to him.

The complaint includes several exhibits, including some documents in what appears to be Russian, a durable power of attorney form purporting to designate Albert Olegovich Boyarkin as the attorney-in-fact and agent for Oleg Albertovich Boyarkin, two criminal informations, possibly related to state court criminal actions, a photo of a letter stating that Oleg A. Boyarkin provides boat maintenance and detailing services, a notice of a rent adjustment, copies of the identification cards of minors, a medical referral form, a list of upcoming neurological appointments, and a document addressed to the federal court that requests certain relief, including (1) accepting the case for review; (2) an independent medical evaluation for progressive dementia and brain injury; (3) a free federal attorney; (4) the waiver of all court filing fees; and (5) a request that all hearings be conducted by Zoom. This letter also clarifies that "we are not filing any claim against any person, and only request the assignment of a medical evaluation." Later filed exhibits further clarify that Plaintiff is not actually bringing claims against anyone.

Upon review, the Court finds that the complaint is woefully inadequate and cannot support a cause of action against any particular defendant. Initially, the Court finds that the complaint is essentially incomprehensible. Plaintiff has failed to provide a "short and plain" statement of the facts. *See* Fed. R. Civ. P. 8. Instead, the complaint consists of "a rambling series of incomprehensible allegations." *See Beekman v. Fed. Home Loan Mortg. Corp.*, No. 16-81477-CIV-MARRA, 2017 WL 7733274, at *2 (S.D. Fla. Nov. 2, 2017) (internal quotation omitted). The sentences are overly long, each of them containing a "confusing combination of facts, legal analysis, and bare accusations." *See Thomason v. Ala. Home Builders Licensure Board*, 741 F.

App'x 638, 641 (11th Cir. 2018). Because Plaintiff has failed to place any potential defendant on notice of the claims against it or advance any plausible claim upon which relief can be granted, his complaint must be dismissed.

Normally, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless amendment is futile. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). A district court may dismiss a complaint *sua sponte* if the complaint is patently frivolous. *See Guthrie v. United States Gov't*, No. 17-80390-MIDDLEBROOKS, 2017 WL 5479877, at *2 (S.D. Fla. Mar. 31, 2017) (internal citations omitted); *Morris v. Bush*, No. 1:07-cv-00187-MP-AK, 2008 WL 4525016, at *1 (N.D. Fla. Oct. 6, 2008). "A complaint is frivolous 'where it lacks an arguable basis either in law or in fact.'" *Guthrie*, 2017 WL 5479877, at *2 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

A review of the complaint shows that Plaintiff's allegations are patently frivolous, completely irrational, and wholly incredible. In fact, the exhibits to the complaint clarify that Plaintiff is asserting no claim and is only requesting a medical evaluation. This case is simply nonjusticiable. Because the allegations are frivolous and any amendment would be futile, this action should be dismissed. *See Gary v. United States Gov't,* 540 F. App'x 916, 916-18 (11th Cir. 2013) (affirming the *sua sponte* dismissal of complaint with prejudice where the plaintiff sued a number of high-level government officials and intelligence agencies, alleging that they had implanted microchips into her body that were "used to conduct biomedical research regarding her reproductive system, to track her movements, and to cause her pain"); *Qamar v. C.I.A.*, 489 F. App'x 393, 395 (11th Cir. 2012) (holding district court did not

abuse discretion when dismissing as frivolous plaintiff's complaints involving alleged rapes inside the jail); *Guthrie*, 2017 WL 5479877, at *2-3 (*sua sponte* dismissing complaint with prejudice where the plaintiff sued the United States government, along with other parties, for committing crimes and torts against him over a thirteen year period, including allegations that the government conspired to "burgle his home, drug him, and install surveillance").

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREEED**:

1. Plaintiff's complaint (Doc. 1) is **DISMISSED AS FRIVOLOUS**.
2. The Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of April, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE